OPINION
{¶ 1} Defendant-appellant William H. Hoffer appeals the sentence entered by the Ashland County Court of Common Pleas following his plea of guilty to one count of breaking and entering and one count of theft, both felonies of the fifth degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 30, 2003, a Bill of Information was filed against the appellant, William H. Hoffer, on one count of breaking and entering in violation of R.C. 2911.13(B), and one count of theft in violation of R.C. 2913.02(A)(1). On September 30, 2003, appellant pleaded guilty as charged. On November 17, 2003, the trial court conducted a sentencing hearing, and on November 18, 2003, entered a judgment entry in which it sentenced the appellant to twelve months on each count, to be served consecutively, for a total aggregate term of 24 months in prison.
 {¶ 3} On November 26, 2003, the appellant filed an appeal, arguing that the imposition of consecutive sentences was against the manifest weight of the evidence and contrary to law. The appellee State of Ohio conceded that the trial court failed to make the requisite findings under R.C. 2929.14(E), and on June 9, 2004, this court vacated the trial court's November 18, 2003, Sentencing Judgment Entry and remanded the case for resentencing.
 {¶ 4} Upon remand the trial court reimposed the same sentence without conducting a hearing, and without the appellant's presence. See, Judgment Entry filed August 11, 2004. On September 2, 2004, the appellant filed a second appeal in which he argued that the trial court erred by holding a resentencing proceeding outside of his presence. This court agreed, finding in its April 12, 2005, opinion that Ohio law mandates a defendant's presence at every stage of the criminal proceedings, including the imposition of sentence. Accordingly, the August 11, 2004, Judgment Entry was reversed, and the matter was remanded for resentencing.
 {¶ 5} On June 7, 2005, the trial court conducted a sentencing hearing on remand, during which the court once again reimposed the same sentence upon the appellant. On July 6, 2005, the trial court entered a judgment entry in which it memorialized the sentence imposed upon the appellant at the June 7, 2005, hearing.
 {¶ 6} Appellant now raises the following assignment of error on appeal:
 {¶ 7} "I: THE IMPOSITION OF A PRISON SENTENCE LONGER THAN THE STATUTORY MAXIMUM SENTENCE IS UNCONSTITUTIONAL IN THIS CASE."
 {¶ 8} Appellant, in his sole assignment of error, argues that the trial court's imposition of a prison sentence longer than the statutory maximum sentence is unconstitutional in this case.
 {¶ 9} During the June 7, 2005, sentencing hearing, as well as in its July 6, 2005, judgment entry, the trial court considered various factors set forth in R.C. 2929.14(C) and R.C.2929.14(E)(4). Based upon its consideration of these factors the court found that the shortest sentence was inappropriate because it demeaned the seriousness of the offenses, and because it didn't adequately protect the public from further crime. The latter was based on the appellant's prior record. The trial court found further that consecutive prison sentences were necessary to protect the public from future crime and to punish the appellant.
 {¶ 10} Subsequent to the sentencing hearing and the judgment entry, as well as the filing of briefs by the parties, the Ohio Supreme Court announced its decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, in which the Court reviewed Ohio's sentencing laws in light of Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2538, Apprendi v.New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, and Ring v.Arizona (2002), 536 U.S. 584, 122 S.Ct. 2428. The Foster Court held:
 {¶ 11} "The following sections, because they either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption, have no meaning now that judicial findings are unconstitutional: R.C. 2929.14(B),2929.19(B)(2), and 2929.41. These sections are severed and excised in their entirety, as is R.C. 2929.14(C), which requires judicial factfinding for maximum prison terms, and 2929.14(E)(4), which requires judicial findings for consecutive terms. R.C.2953.08(G), which refers to review of statutory findings for consecutive sentences in the appellate record, no longer applies. We also excise R.C. 2929.14(D)(2)(b) and (D)(3)(b), which require findings for repeat violent offenders and major drug offenders." Id. at ¶ 97.
 {¶ 12} The Court determined further that sentences based upon unconstitutional statutes are void, and the appropriate disposition is to vacate the sentence and remand the matter to the trial court for a new sentencing hearing. Id. at ¶ 103.
 {¶ 13} Based upon the law as set forth in Foster,
appellant's sole assignment of error is sustained.
 {¶ 14} Appellant's sentence is ordered vacated, and the case remanded to the trial court for resentencing.
By: Edwards, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is Remanded. Cost assessed to Appellee.